Frank Hudson, OSB 92071-2
LAWFARE
204 SW 5th Ave, Suite 40452
Portland OR 97240
Telephone (971)258-1265
fehudson@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| FRANK HUDSON, an individual; and others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> OREGON EMPLOYMENT DEPARTMENT, <br> KAY ERICKSON, in her official capacity as Director of the Oregon Employment Department, <br><br> and <br><br> KATHERINE BROWN, in her official capacity as Governor. <br><br> Defendants. | Case No.: [Number] <br><br> **CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF.** <br><br> **Civil Rights Action (42 U.S.C. § 1983);Social Security Act (42 U.S.C. 501-503)** <br><br> **DEMAND FOR JURY TRIAL** |

1

## PRELIMINARY STATEMENT

All federal-state cooperative unemployment insurance programs are financed in part by grants from the United States pursuant to the Social Security Act, 42 U.S.C. 501-503. The U.S. Department of Labor may not issue a grant to a State unless the Secretary of Labor certifies the amount to be paid, 42 U.S.C. 502(a). Indeed, the Labor Department cannot certify payment of federal funds unless it finds that the State's program conforms to federal requirements.  See generally, California Department of Human Resources Development v. Java, 402 U.S. 121 (1971).  As relevant to this case, Section 503(a)(3) of the Social Security Act requires states to pass legislation that provides an ''[o]pportunity for a fair hearing before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied.''

As a volunteer attorney in years past,[1] plaintiff provided legal counsel to workers denied unemployment insurance benefits. During that time plaintiff observed that certain Employment Department practices impeded claimants' ability to fully reap the benefits of a "fair hearing." Plaintiff's chance encounter with the Employment Department presented plaintiff with the opportunity to get

---

[1] See Opp v. Employment Dep't, 242 Or. App. 673, 259 P.3d 15 (2011).

some of these longstanding issues before the court. These issues, which have touched many claimants, might otherwise never see the light of day.

One of the big concerns of volunteer attorneys was whether the Oregon Employment Department had a sufficiently robust process in place for vetting "authorized agents" who had been hired by employers to represent them at proceedings of the OAH.

In the case at hand, the Oregon Office of Administrative Hearings ("OAH") failed to thoroughly vet "Equifax Workforce Solutions," a company that represents employers at proceedings of the OAH and the Oregon Employment Appeals Board. This lawsuit argues that the OAH's failure to vet "Equifax Workforce Solutions" led to violations of the "fair hearing" requirement of 42 U.S.C. 501-503 and the due process clause of the 14th Amendment of the U.S. Constitution. Lastly, the class argues that the Employment Department has failed to implement some of its statutes.

**JURISDICTION AND VENUE**

1. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, federal question jurisdiction and 28 U.S.C. Sections 1331, 1332, and 1343 civil rights jurisdiction.

2. Venue is in the District of Oregon pursuant to 28 U.S.C. Section 1391(b) because the claim arose in this Judicial District.

3. Plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

## PARTIES

A. **Plaintiffs**

4. Plaintiff Frank Hudson is a resident of Multnomah County Oregon.

B. **Defendants**

5. Kay Erickson is the director of the Oregon Employment Department.

6. Katherine Brown is the Governor of Oregon.

7. The Oregon Employment Department administers Oregon's unemployment insurance program

## FACTUAL BACKGROUND

8. ORS 657.267 permits workers who have been denied unemployment compensation benefits to appeal to the OAH. On 10/7/2019, plaintiff was denied unemployment benefits. The administrative decision's finding of fact section only stated: "You were employed by AMAZON.COM SERVICES INC until February 4, 2019. You quit work because of unknown reasons. This was not a reason of such gravity that you had no reasonable alternative but to quit (Decision 171932)." Plaintiff subsequently appealed.

9.   On 10/15/2019, the OAH mailed plaintiff a Notice of Hearing. The notice contained, among other things, the following information: "NOTICE OF HEARING, RefNo: 2019-Ul-00974, SSN/CTD: 42-740.638.189, BYE: 201946, Claim Type: UJ. <u>Equifax Workforce Solutions For *** Employer</u>."[2] It is a matter of public record that the OAH has mailed hundreds of hearing notices to claimants indicating that "Equifax Workforce Solutions" was the employers' authorized agent.

10.   In preparing for the appeal hearing, plaintiff sought to vet the employer's agent, "Equifax Workforce Solutions." This was the usual due diligence check to ensure "Equifax Workforce Solutions" was lawfully conducting business in Oregon and that Equifax Workforce Solution's appearance as an agent in the hearing was on the up-and-up.

11.   Because "Equifax Workforce Solutions" appeared to be a typical business entity, plaintiff performed a search on the Oregon Secretary of State's business registry. "Equifax Workforce Solutions," however, was not listed in the Secretary of State's registry.  Nor was "Equifax Workforce Solutions"  listed as a subsidiary of Equifax in Equifax's SEC filing

---

[2] The hearing has been indefinitely postponed.

(https://www.sec.gov/Archives/edgar/data/33185/000003318518000011/exhibit211-12312017.htm).

12. Because there appeared to be no electronic "paper trail" in public records to connect "Equifax Workforce Solutions" to its real and true owner, plaintiff was at an apparent dead end.  After consulting other sources, however, plaintiff was able to determine that Talx Corporation, a wholly owned subsidiary of Equifax, conducts business under the assumed business name "Equifax Workforce Solutions" ("From April 2016 to March 2017, hackers were able to obtain wage and W-2 data maintained by Equifax's TALX division, now called Equifax Workforce Solutions." See, In re Equifax Inc., 357 F.Supp.3d 1189, 1211 (N.D. Ga., 2019)).

13. Talx Corporation is registered to do business in Oregon. To date, neither Talx nor Equifax has registered the assumed business name "Equifax Workforce Solutions" with the Oregon Secretary of State.

14. Oregon law provides that any person or legal entity that conducts business under an assumed business name must register that name with the Oregon Secretary of State, ORS 648.007; ORS 648.010. The registration process includes the requirement of revealing the true name of the person or legal entity that has assumed the name. ORS 648.135(1) then provides that a person or legal entity that conducts or transacts business in violation of ORS 648.007 et. seq. shall lack

standing in Oregon legal proceedings. "The evident purpose of ORS chapter 648 is public protection. The method of the chapter is to require disclosure by registration of the names and locations of persons doing business under an assumed name in order that members of the public may know the identity of those with whom they do business." Photo & Sound Co. v. Corvallis, 628 P.2d 733, 291 Or. 105 at 109 (Or., 1981).

15.  The OAH is the gate keeper for OAH hearings and is accountable for permitting "Equifax Workforce Solutions" to appear in hearings while out of compliance with ORS 648. The OAH knew, or should have known, that "Equifax Workforce Solutions" was representing employers under the guise of an unregistered and therefore unlawful assumed business name.

16.  By permitting "Equifax Workforce Solutions" to represent employers in hearings even though they were out of compliance, the OAH facilitated Equifax Workforce Solutions' violation of ORS 648. The OAH's failure to catch this also had the unfortunate effect of debasing previously decided OAH final decisions because the name "Equifax Workforce s" is now permanently yoked to those public records.

17.  To summarize, the OAH sent claimants notices that violate the Social Security Act's fair hearing requirement and the due process clause because the notices (1) lack transparency (2) are misleading (3) obstruct claimants' and their

lawyers' ability to accurately identify and vet the employers' agent and (4) give an unfair advantage to "Equifax Workforce Solutions" by shielding its real and true name, thus permitting "Equifax Workforce Solutions" to fly under the radar and profit from its failure to disclose its real and true name.

## CLASS ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

19. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as:

**"Unemployment compensation claimants who received a notice of hearing stating that the employer's duly authorized agent for the hearing was "Equifax Workforce Solutions."**

20. Defendant's patterns, practices and omissions were applied uniformly to all members of the Class so that the questions of law and fact are common to all members of the Class and any subclass. All members of the Class and any subclass were and are similarly affected by the Employment Department's failure to prohibit Equifax Workforce Solutions from appearing as an employers' agent in hearings while it was out of compliance with ORS 648.

21. This action meets all the Rule 23(a) prerequisites of maintaining a class action as set forth below:

22. Numosity: The Employment Department mailed the challenged Notice of Hearing to hundreds of unemployment compensation claimants. Plaintiff should be able to nail down the approximate number of affected workers after a reasonable opportunity for further investigation and discovery.

23. Commonality: Plaintiffs' grievances share common questions of law and fact in that each class member appealed to the OAH and subsequently received a notice of hearing stating that Equifax Workforce Solutions would be the employer's authorized agent.

24. Typicality: The representative plaintiff's claims as well as those of the proposed class arise out of the same course of conduct by the Employment Department, are based on the same legal theories, and involve the same harms.

25. Adequacy of Representation: The representative plaintiff will fairly and adequately protect the interests of the class he seeks to represent. There are no conflicts of interest between representative plaintiff and the members of the proposed class. The representative Plaintiff will vigorously pursue this action on behalf of the proposed class. With respect to adequacy of Counsel, plaintiff will hand this case off to more experienced hands in due course. If necessary,

representative plaintiff requests that the court designate the representative plaintiff interim counsel until class action co-counsel is secured.

26. The Employment Department is acting or refusing to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class.

27. The declaratory and injunctive claims asserted on behalf of the representative plaintiff and the class are capable of repetition yet evading review. There is a continuing and substantial public interest in these matters.

28. Certification of this class action is appropriate under Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.

29. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that may be encountered managing this class action.

**CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF

18. The Notice of Hearing in this case was constitutionally inadequate and rendered the appeal process unfair in violation of the Fourteenth Amendment to the

United States Constitution, 42 U.S.C. § 1983, and section 42 U.S.C. 503 (a)(3) of the Social Security Act. As explained above, it would have been extremely difficult for the typical unemployment compensation claimant to cut through the obfuscation and misdirection to figure out whether "Equifax Workforce Solutions" was lawfully conducting business in Oregon as employers' agent.

## SECOND CLAIM FOR RELIEF

19.    The Employment Department has failed to implement ORS 657.280(2)(a). This statutory provision requires the Employment Department to notify workers who have appealed of their right to request copies of the case file. Ideally, this information should be included in the administrative decision or the notice of hearing.

Further, the Employment Department has failed to fully implement ORS 657.267(1). That provision provides that when the Employment Department denies a worker benefits, it must "set forth the specific material facts obtained from the employer and the employer's agents that are used by the authorized representative to support the reasons of the denial." To the extent that Employment Department denial decisions contain findings of fact, the factual findings never include employer attribution (e.g., "The employer stated they fired claimant for stealing company property," or "The employer submitted a copy of claimant's resignation letter"). In other words, the Employment Department must use attribution in order

11

to distinguish employer-provided evidentiary facts from the decision maker's factual findings.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Enjoin the Employment Department from permitting Equifax Workforce Solutions to participate in hearings as an agent so long as "Equifax Workforce Solutions" is out of compliance with ORS 648.

B.  Declare that Defendants have violated the "fair hearing" requirement of section 42 U.S.C. 503 (a)(3) of the Social Security Act and the due process clause of the 14th Amendment.

C.  Order Defendant's to implement ORS 657.280(2)(a) and ORS 657.267(1).

D.  Award Plaintiffs reasonable costs and attorney's fees incurred in this action; and

E.  Grant any such other relief as the Court deems just, necessary, and proper.

Dated this 14th day of November 2019

/s/ Frank Hudson, OSB 92071-2